Flores v. U.S. Attorney General Good morning, Your Honor. May peace the court. My name is Kania Garcia, and along with my co-counsel, Lidiana Gomez, we represent Mr. Fonza Flores. In this case, this honorable court should vacate the BIA's decision and remand to the BIA with instructions to remand to the IJ for reconsideration of the cancellation of removal. The BIA abused this discretion when it denied the motion to remand, holding that Mr. Fonza failed the second prong of the ineffective assistance of counsel analysis set out in So and the King. The ineffective assistance of counsel, Your Honor. This sounds in due process, your argument. Isn't that right? Due process, correct. Yeah, the problem is that an alien seeking purely discretionary relief doesn't have the liberty interest that can support a due process claim. And I understand what the court is saying, and I think the court is referring to the Mejia Rodriguez case where government counsel brought it up in their brief, and they themselves acknowledge that this is from being eligible for that relief, not necessarily from being granted that relief. And I think in light of I'm trying to understand what the what how how this claim works, as I understand your argument, it was due process due process, correct? And the problem is you can't be at deprivation of a liberty interest if if the interest is in purely discretionary relief under the due process clause. But Your Honor, if if this court as it held in Mejia, I understand that it could be construed that way, although I do believe that it's distinguishable from the Mejia case in that in that case, the the alleged mistake happened in criminal court when the respondent in that case did not even qualify, statutorily disqualified from the discretionary relief. But in subsequent holdings, this court has held in so and decaying that an asylum applicant, you can apply an effective assistance of counsel due process clause for an asylum applicants in both those cases, and that is discretionary relief. So I think in light of the most recent holdings by this court, it has in a way diminished the holding in Mejia. And and the BIA, Your Honor, left us very little to to go on the BIA presumed credibility and a the BIA even presumed prong number one of the effective assistance of counsel. They said notwithstanding, even if I give you this prong, you don't meet the second prong, the prejudice prong. And that is where I think that we I would like to focus on because the BIA misapplied its own precedent in saying or in holding that respondents was not the BIA misapplied it when it held in its decision that the cumulative versus standalone standard that it held in Monreal. It's a cumulative standard to of the when you analyze the facts to find out if they reach the appropriate level of hardship. The serious medical condition as set out in Resinas and Monreal gives you a very good example. We can't revisit the hard hardship determination. We don't have jurisdiction to determine that. I think you do, because we are within the context of ineffective assistance of counsel and in effective assistance of counsel has a second prong that requires this court to read to revisit whether or not there was prejudice. And in order to say the BIA determined the prejudice inquiry. They said the BIA said there was no prejudice. That's right. And what you're asking us then is to redetermine the hardship determination, it seems to me. Not quite. Not quite, Your Honor. If I could. This court has set out the standard, the analysis for whether or not a person was a victim of ineffective assistance of counsel. In setting that standard in so which was an asylum case and again, also an asylum case, both are discretionary reliefs. This court said first, there has to have been a deficient performance. And number two, there had to have been prejudice. The problem is, is when analyzing the prejudice, the BIA itself is misapplying its own settled case law. It's applying the settled case law differently than it has been applied before, even by the by the BIA. So for those reasons, I do think that even in light of Patel, this court has jurisdiction to review their discretionary relief only because we are in the world of ineffective assistance of counsel, which is a constitutional claim, which this court is allowed to review. And in order to determine whether or not there was prejudice, this court must review whether or not a reasonable there was a reasonable probability that there would have been a different outcome. There's just no way around it. Now, I do agree that perhaps this were not an ineffective assistance of counsel claim. I do. I do believe that it would be different. I do believe this court perhaps would not have jurisdiction to address the discretionary relief, but we are addressing whether or not there was ineffective assistance of counsel. And I think because of that, with the own analysis that this court has fashioned, you must go into the second prong and you must analyze whether or not there would have been a different outcome. Any questions? I don't hear any. Very well. Thank you for your time. And for these reasons, we asked the court to vacate and with instructions to vacate to the immigration judge. Thank you. Thank you, Miss Garcia. You've saved some time for a little miss Anton. Good morning, my name is Monica Anton appearing on behalf of the Attorney General. So of course, the first question that we have to decide today is the scope of the court's jurisdiction. And the prejudice determination is at heart factual determination, even if it comes through a narrow court is comparing the evidence submitted to the board with the IG's findings. And that would be the scope of the court's jurisdiction. And that phone is directly tell it's a judgment party granting. It's like the only thing we would have jurisdiction. I understand you say this issue was forfeited. It was whether the district court, I mean, whether the BIA abused its discretion in denying the motion to remand. And it seems to me that if we say, look, it's not much, but there's enough in the record to preserve that. The BIA, the board considered that ineffective assistance argument, did a de novo review, concluded there was no prejudice. And that's the end of the inquiry. And we basically like to look at anything else, right? That's correct. And to the extent that there is a legal question as to whether the board properly applied matter of Montreal and its precedent, it clearly did. So it considered all of the evidence. And once the court is satisfied that it has considered the evidence, then yes, that's the end of the case. If that's all the questions the court has, the government submits, the court has no jurisdiction over this petition for review. The legal questions raised are not legal questions. They're really aimed at the fact findings and they are beyond the scope of the court's jurisdiction. Okay. Thank you, Ms. Santo. I think we understand your case. Ms. Garcia. Everything. Your honors, I do understand that Patel clarified some of our arguments that we made on appeal. However, I do think that this case is distinguishable because of the ineffective assistance of counsel. I think if we were not in that realm, I think that Patel would definitely be the case law to be applied here. But the court has to follow its own precedent when it's addressing ineffective assistance of counsel. And how do we go to prong to without deciding whether or not the BIA applied the correct law? I'm not asking. Tell us what your best cases are. You want us to look at to make sure we look at them. You say not, not me. Yeah. So what is though? S O W and decaying and E. Thank you. Thank you. Okay. We're going to move to our last case.